2026 IL App (1st) 252086
Opinion filed: May 20, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-2086

| | | |
|---|---|---|
| CANDICE J. TILTGES, Individually and as Co-Trustee of the Herbert J. Sturm Trust, Dated May 1, 1995, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 25 CH 1583 |
| STEPHEN BALOW, as Trustee of the Ellen K. Sturm Trust, Dated May 2, 1995; KIMBERLY B. BALOW and TRACY A. STURM, Individually and as Co-Trustees of the Herbert J. Sturm Trust, Dated May 1, 1995; and UNKNOWN BENEFICIARIES, | ) ) ) ) ) | |
| | ) | Honorable |
| | ) | Lynn Weaver Boyle, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Martin and Justice Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff in this case, Candice J. Tiltges, and her sisters, Kimberly B. Balow and Tracy A. Sturm, are co-trustees and beneficiaries of their father, Herbert J. Sturm and the Herbert J. Sturm Trust (Herbert Trust), which formerly contained his one-half interest in the marital residence as part of its corpus. After Herbert's death, his second wife, Ellen, transferred Herbert's interest in the residence to her own trust (Ellen Trust), of which Kimberly and Tracy, but not plaintiff, are beneficiaries. Ellen lived in the residence for the remainder of her life. After Ellen's death, Stephen Balow became the successor trustee of her trust, sold the residence, and distributed some of the proceeds to Kimberly and Tracy but not to plaintiff. Plaintiff filed a complaint against Stephen, Kimberly, and Tracy, seeking to redress Ellen's alleged breach of fiduciary duties in wrongfully transferring Herbert's interest in the residence to her own trust. Kimberly and Tracy filed a motion to dismiss plaintiff's complaint, pursuant to section 2-619(a)(9) of the Code of Civil Procedure

(Code) (735 ILCS 5/2-619(a)(9) (West 2024)) and attached a joint affidavit in support. The trial court granted the dismissal motion. On appeal, we strike paragraph 6 of the joint affidavit, reverse the dismissal of plaintiff's complaint, and remand for further proceedings.

¶ 2       Herbert and Ellen were married in 1978 and lived in a residence in Northbrook, Illinois. Plaintiff, Kimberly, and Tracy are Herbert's daughters from a prior marriage. On May 1, 1995, Herbert created the Herbert Trust. On May 2, 1995, Ellen created the Ellen Trust.

¶ 3       On May 22, 1995, Herbert and Ellen conveyed title to their residence so that an undivided one-half interest was held by Herbert as trustee of the Herbert Trust and the other undivided one-half interest was held by Ellen as trustee of the Ellen Trust. Herbert and Ellen continued to live together in the residence.

¶ 4       On December 15, 2017, Herbert died, survived by Ellen, plaintiff, Kimberly, and Tracy. Ellen became successor trustee of the Herbert Trust. Herbert's one-half interest in the residence was allocated to a family trust after his death. Ellen was the trustee of the family trust, in addition to being trustee of the Herbert Trust. Article IV, section 4.3(a) of the Herbert Trust governs distributions from the family trust and authorizes the trustee (Ellen) to distribute income or principal from the family trust to herself when she deems such distributions "necessary or advisable for her reasonable support, health, education and maintenance."

¶ 5       On April 8, 2021, Ellen, acting as successor trustee of the Herbert Trust, executed a trustee's deed transferring Herbert's one-half interest in the residence to herself as trustee of the Ellen Trust. No monies were paid to her in connection with the transfer. Ellen did not market the residence for sale or borrow against it but instead continued to live in it until her death on February 16, 2023. After Ellen's death, plaintiff, Kimberly, and Tracy became the successor co-trustees of the Herbert Trust. Stephen became the successor trustee of the Ellen Trust.

¶ 6 On or about April 20, 2023, Stephen sold the residence to A&E Estates LLC for $450,000. The net proceeds of the sale were received by the Ellen Trust, some of which was distributed to Kimberly and Tracy but not to plaintiff.

¶ 7 On February 11, 2025, plaintiff filed her five-count complaint. Count I sought judgment against Stephen, as successor trustee of the Ellen Trust, and against Kimberly and Tracy for Ellen's alleged breach of her duties of impartiality, loyalty, and good faith under the Illinois Trust Code (760 ILCS 3/801, 802, 803 (West 2024)) when she invaded the principal of the family trust and transferred Herbert's one-half interest in the residence to her own trust.

¶ 8 Count II sought judgment against Stephen, as successor trustee of the Ellen Trust, and against Kimberly and Tracy for Ellen's breach of her common law fiduciary obligations of good faith, honesty, and loyalty when she invaded the principal of the family trust and transferred Herbert's one-half interest in the residence to her own trust.

¶ 9 Count III sought a judgment against Stephen as successor trustee of the Ellen Trust and against Kimberly and Tracy for unjust enrichment in an amount equal to one-half of the net proceeds of the sale of the residence.

¶ 10 Count IV sought imposition of a constructive trust over the proceeds from the sale of the residence.

¶ 11 Count V sought removal of Kimberly and Tracy as co-trustees of the Herbert Trust.

¶ 12 On May 15, 2025, Kimberly and Tracy filed a section 2-619(a)(9) motion to dismiss plaintiff's complaint, arguing that, pursuant to section 4.3(a) of the Herbert Trust, Ellen, as trustee, had the sole discretion to determine the amounts of income or principal to distribute from the family trust for her own support. The motion alleged that Ellen's discretion was limited only by the requirement that she act in good faith when making the distribution and that Ellen acted in

good faith and did not abuse her discretion in transferring Herbert's one-half interest in the residence to her own trust.

¶ 13 In support of their motion to dismiss, Kimberly and Tracy filed a joint affidavit. Paragraph 5 of the joint affidavit stated that at the time Ellen conveyed Herbert's one-half interest in the residence to herself as trustee of the Ellen Trust, she "was living alone, managing multiple chronic health conditions, and planning to transition to assisted living, all of which carried significant and increasing financial demands." Kimberly and Tracy further attested in paragraph 6 that, "[f]ollowing Ellen's passing, we reviewed the Herbert Trust and relevant documentation. Based on that review and our personal knowledge of Ellen's circumstances, we believe that Ellen acted in good faith and within the discretionary authority granted to her under Section 4.3 of the Herbert Trust."

¶ 14 On June 20, 2025, plaintiff filed a motion to strike paragraphs 5 and 6 of the joint affidavit. Plaintiff argued that paragraphs 5 and 6 violated Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)) because they offered improperly conclusory opinions regarding Ellen's health and her good faith when transferring Herbert's interest in the residence to her own trust. Plaintiff also argued that paragraph 6 violated Rule 191(a) by referencing unidentified "relevant documentation" that the affiants failed to attach to the affidavit. Rule 191(a) requires the affiants to attach to their affidavits sworn or certified copies of all documents upon which they rely. *Id.*

¶ 15 Kimberly and Tracy filed a response to plaintiff's motion to strike, stating that the "relevant documentation" referenced in paragraph 6 of the joint affidavit included an unsworn trustee's certificate that they had executed as co-trustees of the Herbert Trust and attached to their motion to dismiss. Before reciting in more detail the contents of Kimberly and Tracy's trustee's certificate, we set forth some pertinent background information.

¶ 16    Pursuant to section 1013 of the Illinois Trust Code, a trustee's certificate verifies the existence of a trust and the trustee's authority to act without revealing certain confidential information such as the identity of the beneficiaries or specific asset distributions. See 760 ILCS 3/1013 (West 2024). Section 1013 provides that "[a] person who in good faith enters into a transaction in reliance upon a certification of trust may enforce the transaction against the trust property as if the representations contained in the certification were correct." *Id.* § 1013(g). In accordance with section 1013(g), section 5.8 of the Herbert Trust similarly stated: "The Trustee's certificate that the Trustee is acting according to the provisions of this Trust Agreement shall fully protect all persons dealing with the Trustee." However, while section 1013(g) of the Illinois Trust Code and section 5.8 of the Herbert Trust protect third parties from the trustee's bad faith, the trustee is not herself exculpated from any bad faith acts. See *id.* §§ 105(b)(13), 1008(a)(1).

¶ 17    Section 1013 of the Illinois Trust Code provides that a legally valid trustee's certificate must contain the following information: a statement that the trust exists and the date the trust instrument was executed; the identity of the settlor; the identity and address and powers of the trustee; whether the trust is revocable or amendable; the identity of any person holding the power to revoke the trust; the authority of the co-trustees to sign; the trust's taxpayer identification number; and the manner of taking title to trust property. *Id.* § 1013(a).

¶ 18    Kimberly and Tracy's trustee's certificate disclosed the existence of the Herbert Trust, the date it was executed, and the identities of its settlor and successor co-trustees but did not provide the other information required under section 1013(a). Specifically, no mention was made of the powers of the trustee, whether the trust was amendable, the authority of the co-trustees to sign, the trust's taxpayer identification number, or the manner of taking title to trust property. Instead, their trustee's certificate stated:

"Prior to Ellen's transfer of [Herbert's] one-half (1/2) interest [in the] marital residence to her trust, we were aware that Ellen was living alone, managing multiple chronic health conditions, and increasingly unable to maintain her home without significant assistance. In 2021, Ellen became unresponsive in her home after a chemotherapy treatment, requiring emergency intervention by the Northbrook Fire Department. She was hospitalized and, in the weeks that followed, we discussed her growing need for ongoing medical care and support.

At the time of the April 8, 2021, transfer, Ellen's expenses equaled or exceeded her income, and she faced growing financial uncertainty in meeting her anticipated care needs. Ellen was familiar with the costs of assisted living, having observed her own mother reside in such a facility during the final years of her life—an experience that ultimately resulted in the full depletion of her mother's assets.

After Ellen's passing, we reviewed the Herbert Trust instrument and relevant documents. Based on our review and personal knowledge of Ellen's circumstances, we conclude that her decision to transfer the one-half interest in the residence was a good faith exercise of the discretion conferred upon her by Section 4.3 of the Herbert Trust."

¶ 19    None of these unsworn assertions regarding Ellen's finances and her health condition toward the end of her life was the type of information required to be contained in a trustee's certificate under section 1013 to establish the existence of the trust and the scope of the trustee's authority to act. *Id.* In fact, none of these assertions have any bearing on the establishment of the Herbert Trust or the trustee's scope of authority. As such, the document referenced as a "trustee's certificate" was one in name only. In actuality, it was simply an unsworn statement containing Kimberly and Tracy's observations of Ellen toward the end of her life. The parties reference the

document as a trustee's certificate, though, and we will continue to refer to it that way for convenience purposes.

¶ 20 As we recounted earlier in this opinion, Kimberly and Tracy stated in their response to plaintiff's motion to strike that their trustee's certificate was the "relevant documentation" referenced in paragraph 6 of their joint affidavit. They further argued:

> "To the extent the Trustee's Certificate is encompassed within 'relevant documentation,' its inclusion poses no Rule 191(a) issue: it is expressly referenced, already in the record, and independently authorized by Section 5.8 of the Herbert Trust. No factual assertion in the Joint Affidavit depends on any document not already before the Court or within the affiants' personal knowledge. Accordingly, the Joint Affidavit of two of the three successor co-trustees, Kimberly B. Balow and Tracy A. Sturm, complies with Rule 191(a) and provide[s] a proper basis to deny Plaintiff's Motion to Strike."

¶ 21 On September 10, 2025, the trial court held a hearing on plaintiff's motion to strike paragraphs 5 and 6 of the joint affidavit and on the dismissal motion. The record contains no transcript of the hearing, but the parties have provided us with an agreed bystander's report pursuant to Rule 323(c) (Ill. S. Ct. R. 323(c) (eff. July 1, 2017)). According to the bystander's report, the trial court asked for clarification of the "relevant documentation" referenced in paragraph 6 of the affidavit. Kimberly and Tracy confirmed that the phrase "relevant documentation" referred only to the trustee's certificate and two amendments to the Herbert Trust. The court granted Kimberly and Tracy seven days to file a supplemental affidavit that included any omitted documents that were not part of the record and denied the motion to strike paragraphs 5 and 6 of the joint affidavit.

¶ 22    The court then turned to the dismissal motion and determined that the joint affidavit and trustee's certificate affirmatively showed that Ellen's decision to transfer Herbert's one-half interest in the residence to her own trust was a proper exercise of discretion under section 4.3(a) of the Herbert Trust and did not constitute bad faith. The court stated that it was dismissing plaintiff's complaint with prejudice.

¶ 23    The next day, September 11, 2025, Kimberly and Tracy submitted their supplemental affidavit, to which they attached all documentation referenced in their joint affidavit, including the trustee's certificate and the first and second amendments to the Herbert Trust declaration. The court entered a written order on September 11, 2025, which granted the section 2-619(a)(9) motion to dismiss with prejudice and stated, "Plaintiff's complaint is dismissed in its entirety, and this matter is disposed."

¶ 24    Plaintiff filed this timely appeal. The appellees are Kimberly, Tracy, and Stephen and they are collectively referred to herein as "defendants."

¶ 25    First, plaintiff argues that the court erred by denying her motion to strike paragraphs 5 and 6 of Kimberly and Tracy's joint affidavit as being in violation of Rule 191(a). Where, as here, a party files an affidavit in support of a section 2-619 motion to dismiss and the trial court denies the opposing party's motion to strike the affidavit, our review is *de novo*. *Martin v. Kabbe Law Group, LLC*, 2024 IL App (3d) 220116-U, ¶ 33 (cited for its persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. June 3, 2025)).

¶ 26    Rule 191(a) states in pertinent part:

"affidavits submitted in connection with a motion for involuntary dismissal under section 2-619 *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have

attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

¶ 27    An affidavit satisfies the requirements of Rule 191(a) "if from the document as a whole it appears that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial." *Burks Drywall, Inc. v. Washington Bank & Trust Co.*, 110 Ill. App. 3d 569, 576 (1982). Conversely, an affidavit will be stricken if it contains unsupported assertions or conclusory statements. *Madden v. F.H. Paschen/S.N. Nielson, Inc.*, 395 Ill. App. 3d 362, 387 (2009).

¶ 28    Paragraph 5 of the joint affidavit states that at the time Ellen transferred Herbert's interest in the residence to her own trust, "Ellen was living alone, managing chronic health conditions, and planning to transition to assisted living, all of which carried significant and increasing financial demands." Viewing the affidavit as a whole, it appears from Kimberly and Tracy's familial relationship with Ellen and their roles as successor co-trustees of the Herbert Trust that they had personal knowledge of Ellen's living arrangement and her general health and finances as set forth in paragraph 5 and that they could competently testify thereto at trial. As such, paragraph 5 complied with Rule 191(a), and the court did not err in denying the motion to strike it.

¶ 29    Paragraph 6 of the joint affidavit states that, "[f]ollowing Ellen's passing, we reviewed the Herbert Trust and relevant documentation. Based on that review and our personal knowledge of Ellen's circumstances, we believe that Ellen acted in good faith and within the discretionary authority granted to her under Section 4.3 of the Herbert Trust." Although the relevant documentation was never specifically identified in the affidavit, Kimberly and Tracy explained at

the hearing on the motion to strike that they were referencing their own trustee's certificate.[1] However, careful review of the trustee's certificate shows that it did not set forth any facts revealing how the transfer of Herbert's interest in the residence to Ellen helped her in any way to meet any of her support, health, education, and maintenance needs, as required under section 4.3(a) of the Herbert Trust. Rather, the trustee's certificate noted that even prior to the transfer, Ellen was living in the residence and that she *already* "relied on it for her housing and daily living needs." Thus, the transfer did not provide Ellen with any new or less costly housing. Also, the trustee's certificate did not refute the complaint's allegation that Ellen never received any consideration for the transfer and that, after the transfer, she never marketed the residence for sale or borrowed against it to help pay for her reasonable support, health, education, and maintenance costs. In short, Ellen's living arrangements and financial circumstances remained exactly the same both before and after she transferred Herbert's interest in the residence to her own trust.

¶ 30    Kimberly and Tracy also reference their "personal knowledge of Ellen's circumstances," apparently meaning their knowledge of Ellen's poor health at the end of her life and her plan to transition to more costly assisted living. However, Ellen never actually transitioned to assisted living but remained in her residence, even after she transferred Herbert's interest in the residence to her own trust. There are no facts showing that Ellen ever monetized Herbert's interest in the residence to help her pay for any of her reasonable support, health, education, and maintenance expenses. As the transfer of Herbert's one-half interest in the residence to her own trust did not

---

[1]Kimberly and Tracy stated that the other relevant documentation were two amendments to the Herbert Trust. The two amendments are contained in the record on appeal. Our review reveals that neither of them involve section 4.3(a) or relate to the exercise of Ellen's discretionary authority thereunder to distribute income or principal from the family trust to herself. No argument is made on appeal that either of those amendments have any relevance here.

change Ellen's living arrangements or financial circumstances in such a way as to affect her ability to provide for her support, health, education, and maintenance, Kimberly and Tracy can point to no facts showing that the transfer comported with section 4.3(a) of the Herbert Trust. In the absence of such a factual foundation, Kimberly and Tracy's assertion in paragraph 6 of their joint affidavit that the transfer complied with section 4.3(a) was improperly conclusory in violation of Rule 191(a) and should have been stricken. Pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) to enter any judgment and make any order that ought to have been made, we strike paragraph 6 of the joint affidavit.

¶ 31     Next, we consider the court's order dismissing plaintiff's complaint with prejudice pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2024)). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters appearing on the face of the complaint or established by external submissions that defeat the claim. *Burns v. Department of Insurance*, 2013 IL App (1st) 122449, ¶ 9. When ruling on a section 2-619 motion to dismiss, the court accepts all well-pleaded facts in the complaint as true and will grant the motion when no set of facts may be proved which would allow plaintiff to recover. *Quinn v. Board of Election Commissioners for the City of Chicago Electoral Board*, 2018 IL App (1st) 182087, ¶ 16. Our review is *de novo*. *Id.*

¶ 32     All five counts of plaintiff's complaint are premised on Ellen's alleged breach of her statutory and common law fiduciary obligations of impartiality, loyalty, honesty, and good faith when she invaded the principal of the family trust and transferred Herbert's one-half interest in the residence to her own trust. The ultimate effect of the transfer was to disinherit plaintiff because, prior to the transfer, she stood to inherit a one-third share in Herbert's interest in the residence. Once the transfer was made and Ellen died, though, the successor trustee of her trust (Stephen)

sold the residence and distributed at least part of the proceeds to Kimberly and Tracy, who were beneficiaries. No part of those proceeds was distributed to plaintiff. Plaintiff filed suit based on Ellen's alleged breach of fiduciary duties in effectuating the transfer. Kimberly and Tracy filed a section 2-619(a)(9) motion to dismiss, arguing that the transfer was within Ellen's discretion under section 4.3(a) of the Herbert Trust, as it was made for her reasonable support, health, education, and maintenance.

¶ 33    In support of their motion to dismiss, Kimberly and Tracy cited paragraph 6 of their joint affidavit and their trustee's certificate. As noted earlier in this opinion, though, we are striking paragraph 6 because neither paragraph 6 nor the trustee's certificate on which it relies asserted any facts supporting their conclusion that Ellen's transfer of Herbert's one-half interest in the residence to her own trust was within her discretion under section 4.3(a). Other than their unsupported conclusions contained in the joint affidavit and trustee's certificate, defendants are unable to point to any other affirmative matter defeating plaintiff's claim.

¶ 34    Reversal of the dismissal order is required because, in the absence of any such affirmative matter, defendants have not shown that there are no set of facts that can be proved that would allow plaintiff to recover. Our review of plaintiff's complaint shows she has adequately pleaded facts, taken as true for purposes of the section 2-619(a)(9) motion to dismiss, demonstrating that Ellen's transfer of Herbert's one-half interest in the residence to her own trust did *not* provide her with any additional means to pay for her reasonable support, health, education, or maintenance. Rather, plaintiff has pleaded facts showing that the transfer was made to effectively disinherit her. On these well-pleaded facts, plaintiff has stated a cause of action that the transfer was in violation of section 4.3(a) of the Herbert Trust and constituted a breach of Ellen's fiduciary duties of

impartiality, loyalty, honesty, and good faith toward plaintiff. Therefore, we reverse the dismissal order and remand for further proceedings.

¶ 35    For all the foregoing reasons, we strike paragraph 6 of the joint affidavit, reverse the dismissal order, and remand for further proceedings.

¶ 36    Affirmed in part and reversed in part; cause remanded.

*Tiltges v. Balow*, **2026 IL App (1st) 252086**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 25-CH-1583; the Hon. Lynn Weaver Boyle, Judge, presiding. |
| **Attorneys for Appellant:** | Jeffrey S. McDonald and Adam J. Poteracki, of Robbins DiMonte, of Park Ridge, for appellant. |
| **Attorneys for Appellee:** | James G. Militello III, of Prime Law Group, LLC, of Woodstock, for appellees. |